1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYRIAM ZAYAS,

                          Plaintiff,

          v.

ADRIENNE MCCOY, et al.,

                          Defendants.

Case No. C24-1132-RSM

ORDER TO SHOW CAUSE WHY A BAR
ORDER SHOULD NOT ISSUE

This matter comes before the Court *sua sponte*.  It has come to the Court's attention that Plaintiff Myriam Zayas has filed over 30 pro se cases in the last four years.  Almost half of these cases were filed in 2024 alone, 6 of which are pending dismissal for frivolousness or have been dismissed with leave to amend, the others dismissed with prejudice for the same.  Accordingly, the Court will order Plaintiff Zayas to show cause within 21 days why the Court should not enter a vexatious litigant and standing bar order against her as more fully described below.  The Court will begin by detailing the 2024 cases dismissed so far, not including the instant case.

     Case No. 2:24-cv-00624-JNW:  Ms. Zayas brings suit against the "Secretary of CPS." Dkt. #6.  Ms. Zayas alleges that Defendant illegally removed her children from her custody on

ORDER TO SHOW CAUSE - 1

multiple occasions because of eye color, marital status, and racial discrimination. *Id*. at 6. Ms. Zayas is ordered to show cause why her case should not be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B). She fails to respond. Her case is dismissed.

Case No. 2:24-cv-00640-RSM: Ms. Zayas brings suit against a "supervisor" for removing her child without authority and with no pre-deprivation hearing. Dkt. #5. The Court dismisses Ms. Zayas' claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Plaintiff appeals to the Ninth Circuit. The Ninth Circuit orders Ms. Zayas to file a motion to dismiss or file a statement as to why the appeal is not frivolous. Ms. Zayas fails to respond. Her case is dismissed.

Case No. 2:24-cv-00625-JNW: Plaintiff brings suit against the City of Issaquah, alleging an officer removed her daughter from daycare in violation of the Fourteenth Amendment. Dkt. #5. Ms. Zayas is ordered to show cause as to why her complaint should not be dismissed under 28 U.S.C. § 1915(e)(2)(B). Ms. Zayas responds, but the Court dismissed the case for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Ms. Zayas appeals, but the Ninth Circuit dismisses for lack of jurisdiction. The Ninth Circuit refers to the case to the Court to determine whether *in forma pauperis* status should continue for Ms. Zayas' appeal or whether the appeal is frivolous or in bad faith. The Court revokes Ms. Zayas' *in forma pauperis* status, finds the appeal frivolous under 28 U.S.C. § 1915(e)(2)(B), resolves the referral, and closes the case.

Case No. 2:22-cv-00642-RSM: Plaintiff brings suit against: (1) Washington State's Secretary of the Department of Children, Youth, and Families; (2) Washington State's Attorney General; and (3) King County's Director of the Department of Public Defense. Dkt. #6. Ms. Zayas alleges that Defendants conspired to turn Washington's child dependency process into a sham, operating under a forced-adoption process, and being motivated by "bonus incentives" to push preference for two parent families by targeting low income, unmarried or single parents.

ORDER TO SHOW CAUSE - 2

1   *Id*.  The Court dismisses without prejudice Ms. Zayas' claims under 28 U.S.C. § 1915(e)(2)(B)

2   for failure to state a claim.  Ms. Zayas files an amended complaint.  The Court dismisses the

3   amended complaint with prejudice.  Ms. Zayas appeals.  The Ninth Circuit dismisses for lack of

4   jurisdiction.  The Court orders Ms. Zayas to show cause as to why her case should not be

5   dismissed under 28 U.S.C. § 1915(e)(2)(B) for frivolousness.  Plaintiff fails to respond.  The case

6   is dismissed.

7       Case No. 3:24-cv-05362-DGE:  Ms. Zayas files suit against the Governor of Washington.

8   Dkt. #1.   Ms. Zayas alleges that the governor committed "[f]raud forgery collecting federal

9   funding illegally by signing my child case plan when I never agreed to it[.]"  *Id*. at 4.  Ms. Zayas

10  is ordered to file a proposed amended complaint.  Ms. Zayas fails to respond.  United States

11  Magistrate Judge David. W. Christel recommends dismissing Ms. Zayas' claims for failure to

12  state a claim.  The Court adopts the report and recommendation and dismisses the case.

13      Case No. 2:24-cv-00694-JNW:  Ms. Zayas files suit against a King County Superior

14  Court judge, alleging the judge held a termination trial concerning custody of her child and

15  "pretended she was allowed to terminate [Ms. Zayas'] rights."  Dkt. #5 at 4.  Ms. Zayas'

16  complaint is dismissed with prejudice because her claims are barred by the doctrine of judicial

17  immunity.  Ms. Zayas appeals.  The Ninth Circuit refers the matter to the Court to determine if

18  *in forma pauperis* status should continue on appeal or if the appeal should be dismissed under 28

19  U.S.C. § 1915(a)(3) for frivolousness or bad faith.  The Court determined Ms. Zayas' appeal is

20  frivolous and not taken in good faith, and her *in forma pauperis* status is revoked.  The Ninth

21  Circuit dismisses Ms. Zayas' appeal for failure to prosecute.

22      Case No. 2:24-cv-00764-RSM:   Ms. Zayas brings suit against a Child Protective

23  Services' supervisor, alleging racial and eye color discrimination in removing her child without

24  permission.  Dkt. #5. Ms. Zayas is ordered to show cause as to why her complaint should not be

ORDER TO SHOW CAUSE - 3

1  dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).  Ms. Zayas is warned that she appears

2  to be ignoring Court Orders by filing numerous duplicative cases and may be deemed a vexatious

3  litigant and barred from further frivolous filings if she continues.  Ms. Zayas responds, but the

4  Court dismisses her claims for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

5         Case No. 2:24-cv-00780-JNW:  Ms. Zayas brings suit against a King County Superior

6  Court judge because the judge "is pretending she is capable of deciding whether my child is

7  dependent or not."  Dkt. #6 at 4.  The Court notes that Ms. Zayas has already sued this same

8  judge by holding a "termination trial" and "pretending" she was authorized to terminate Ms.

9  Zayas' parental rights.  Dkt. #7 at 3.  The case is dismissed under the doctrine of judicial

10  immunity.  Ms. Zayas is again "caution[ed] . . . that if she continues to file frivolous complaints,

11  she may be subject to a bar order."  *Id*.

12         Case No. 2:24-cv-01011-JCC:  Ms. Zayas brings suit against her neighbor for having her

13  child "inside her home for the past two months and two weeks without my permission without

14  my consent without my signature on the court order[.]"  Dkt. #6. at 4.  The Court declines to

15  serve her complaint and grants Ms. Zayas leave to file an amended complaint and show cause as

16  to why her complaint should not be dismissed.  Ms. Zayas fails to respond.  Her case is dismissed.

17         Case No. 2:24-cv-01194-JCC:  Ms. Zayas files suit against King County and the same

18  King County Superior Court judge as in the above two cases, alleging they removed her children

19  without consent or authority.  Dkt. #6.  The Court dismisses her claims with prejudice for

20  frivolousness under 28 U.S.C. § 1915(e)(2)(B).

21         The above cases demonstrate that Plaintiff Zayas has committed litigation misconduct by

22  filing numerous frivolous actions and refusing to respond to the Court's orders to clarify her

23  claims.  All of Plaintiff's prior actions have resulted in dismissals for failure to state a claim upon

24  which relief may be granted and for frivolousness.  Plaintiff's actions have placed an unwarranted

ORDER TO SHOW CAUSE - 4

1  burden on this district and follow a pattern.  In each action, Plaintiff filed a complaint that fell

2  well short of meeting basic notice pleading requirements under Federal Rule of Civil Procedure

3  8, and otherwise violated 28 U.S.C. § 1915(e)(2)(B).  When ordered to amend her pleading or

4  show cause why the case should not be dismissed, she failed to file a new pleading, objections,

5  or some other coherent response.

6         The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power

7  to enter pre-filing orders against vexatious litigants.  *Molski v. Evergreen Dynasty Corp.*, 500

8  F.3d 1047, 1057 (9th Cir. 2007).  Although such orders should be rare, "[f]lagrant abuse of the

9  judicial process cannot be tolerated because it enables one person to preempt the use of judicial

10  time that properly could be used to consider the meritorious claims of other litigants." *De Long*

11  *v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  A vexatious litigant order should be entered

12  when (1) the litigant has received notice and a chance to be heard before the order is entered, (2)

13  there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and

14  (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered."

15  *Id*. at 1147-48; *Molski*, 500 F.3d at 1057.

16         Given all of the above, the Court now ORDERS that Ms. Zayas SHOW CAUSE why a

17  vexatious litigant bar order should not issue in this district.  Specifically, such a bar order would

18  include the following restrictions: 1) all of Plaintiff's future pro se complaints in this district are

19  to be filed under a miscellaneous case number specifically designated for this purpose pending

20  the Court's review of each such complaint; 2) the Clerk will not issue summons in any pro se

21  action of Plaintiff without approval of the Court; 3) the Court may dismiss any future pro se

22  complaint upon a finding that the complaint suffers from the same effects outlined above without

23  issuing an order to show cause.  Ms. Zayas' Response is due no later than **21 days** from the date

24

ORDER TO SHOW CAUSE - 5

of this Order and may not exceed **12 pages**.  No attachments are permitted.  Failure to file this

Response will result in the issuance of the above bar order.

DATED this 23rd day of August, 2024.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 6